IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC MCGHEE, | ) | CASE NO. 4:11CV3224 |
| Petitioner, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| ROBERT HOUSTON, Director of Department of Correction for the State of Nebraska, | ) ) ) ) ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 8.) In support of his Motion, Respondent filed a Brief in support (Filing No. 9) and relevant State Court Records (Filing No. 7). Petitioner Eric McGhee ("McGhee") did not file a Response to the Motion. (*See* Docket Sheet.) This matter is therefore deemed fully submitted, and, as set forth below, the Motion for Summary Judgment is granted.

## I. BACKGROUND

On August 17, 2006, a jury found McGhee guilty of one count of first degree murder and one count of use of a firearm to commit a felony. (Filing No. 7-1, Attach. 1, at CM/ECF p. 1.) The Douglas County, Nebraska District Court thereafter sentenced McGhee to serve a prison term of life on the murder conviction and 5-10 years on the use of a firearm conviction. (*Id.* at CM/ECF p. 2.) McGhee filed a timely appeal, and the Nebraska Supreme Court affirmed the conviction and sentence in an opinion issued on December 14, 2007. (Filing No. 7-2, Attach. 2, at CM/ECF p. 2.)

McGhee filed a "Verified Motion to Vacate and Set Aside Conviction and Sentence" in the Douglas County District Court on September 2, 2008 (the "Post Conviction Motion"). (Filing No. 7-3, Attach. 3, at CM/ECF pp. 1-26.) The Douglas County District Court denied

the Post Conviction Motion on March 10, 2010, and McGhee filed an appeal of that decision. (Filing No. 7-4, Attach. 4, at CM/ECF pp. 1-7; Filing No. 7-5, Attach. 5, at CM/ECF p. 1.) The Nebraska Supreme Court affirmed the denial of post-conviction relief in an opinion issued on September 3, 2010. (Filing No. 7-5, Attach. 5, at CM/ECF p. 2.)

McGhee filed his Petition for Writ of Habeas Corpus (the "Petition") in this court on December 8, 2011. (Filing No. 1.) Respondent thereafter filed his Motion for Summary Judgment, arguing that McGhee's Petition is barred by the relevant statute of limitations. (Filing No. 8.) McGhee did not respond to the Motion for Summary Judgment. (*See* Docket Sheet.)

## II.  ANALYSIS

### A.  Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007), (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008), (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues). There is no indication in this case that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the limitations period began to run on March 16, 2008, 90 days after December 14, 2007, the date on which McGhee's direct criminal appeal became final. *See, e.g.*, *Riddle*, 523 F.3d at 852, (reiterating that, where a petitioner seeks review from the state's "court of last resort," the one-year limitations period begins to run when the 90-day period for seeking a writ of certiorari in the United States Supreme Court expires). Thus, McGhee had one year, or until March 16, 2009, to file a petition in this court. Alternatively, if McGhee filed a state post-conviction motion prior to March 16, 2009, the limitations period would be tolled between the date of filing the post-conviction motion and the conclusion of appellate review on the post-conviction motion.

3

McGhee filed his Post Conviction Motion on September 2, 2008. (Filing No. 7-3, Attach. 3, at CM/ECF pp. 1-26.) Thus, 170 days (or 5 months and 17 days) passed between the conclusion of direct review and the filing of the Post Conviction Motion. This time counts towards the limitations period set forth in AEDPA. However, as set forth above, the limitations period was tolled from September 2, 2008, until the conclusion of McGhee's appeal relating to the Post Conviction Motion. The Nebraska Supreme Court affirmed the denial of relief on the Post Conviction Motion on September 3, 2010, and the "clock" for purposes of the AEDPA limitations period began to run again 90 days later, on December 2, 2010. McGhee filed his Petition in this court on December 8, 2011. Thus, an additional 371 days (or 1 year and 6 days) passed between the conclusion of McGhee's appeal relating to the Post Conviction Motion and the filing of the Petition in this court. In total, excluding the time during which McGhee's Post Conviction Motion was under review, 541 days passed between the conclusion of direct review and the filing of the Petition in this court. In light of this, the court finds that McGhee's Petition was not timely filed.

### B. Equitable Tolling

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)). Stated another way, "[a]ny invocation of equity to

relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), (quotation omitted).

McGhee did not respond to the Motion for Summary Judgment. (*See* Docket Sheet.) As such, he has not argued that he pursued his rights diligently or that any extraordinary circumstance stood in the way of timely filing his Petition. The court therefore finds that equitable tolling does not apply and McGhee's Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 8) is granted. Petitioner Eric McGhee's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed with prejudice. All other pending motions are denied; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of April, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.